IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD MCNAUGHT,

                                                                                 OPINION and ORDER

                    Plaintiff,

                                                                               15-cv-526-bbc

     v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Richard McNaught filed this lawsuit in 2015, seeking review of an administrative decision denying his request for disability benefits under the Social Security Act. After plaintiff filed a motion for summary judgment, the parties agreed to a remand for further proceedings before the administrative law judge. After I granted the motion to remand, the parties stipulated to an award under the Equal Access to Justice Act of $4,400.00 in attorney fees for plaintiff's attorney, Dana Duncan, for the proceedings up until that time. Dkt. ##13 and 18. On remand, an administrative law judge concluded that plaintiff was disabled and entitled to past-due benefits of $72,845.00.

Now Duncan seeks an award of attorney fees under 42 U.S.C. § 406(b) and the contingency agreement signed by plaintiff. Dkt. #21. Duncan says that he is entitled to $18,211.25, which is 25 percent of plaintiff's past-due benefits award of $72,845.00. However, because he has already received $4,400 under the Equal Access to Justice Act, Duncan requests that he be paid $13,211.25 out of plaintiff's past-due benefits and that the

1

remaining $4,400.00 withheld by the Commissioner be released to plaintiff. The commissioner does not oppose Duncan's request. For the reasons below, I am awarding Duncan $11,730 in total attorney fees, meaning that he may retain the $4,400 EAJA award and may receive $7,330 in fees from plaintiff's past due benefits. The remaining portion of the statutory fee withheld by the Commissioner ($10,881.25) shall be released to plaintiff.

OPINION

Under 42 U.S.C. § 406(b), the court may award a prevailing plaintiff's attorney a reasonable fee, but no greater than 25 percent of past-due benefits. Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). See also McGuire v. Sullivan, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the [contingency-fee] contract so long as the court has reviewed its reasonableness."). When evaluating a request for fees under § 406(b) for reasonableness, a court may consider "the character of the representation and the results the representative achieved." Gisbrecht, 535 U.S. at 808. In Gisbrecht, the Court identified two instances in which a fee reduction would be appropriate. First, "[i]f the attorney is responsible for delay, . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. Second, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. Id. Courts in this circuit have considered factors such as the attorney's experience, reputation and ability as well as awards in similar cases. Westlund v. Berryhill, No. 15-cv-450-jdp, 2017 WL 2389724, at *1 (W.D. Wis. June

2

1, 2017) (citing Hodges-Williams v. Barnhart, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005), and McGuire, 873 F.2d at 979, 983)).

As an initial matter, I note that Duncan includes time spent in the administrative proceedings in his fee requests. As has been explained to him repeatedly, § 406(b) applies only to attorney fees related to court proceedings. E.g, Beach v. Berryhill, No. 14-cv-857-bbc, 2017 WL 3275546, *2 (W.D. Wis. Aug. 1, 2017) ("It is unclear why, nine years after this court held otherwise, Duncan continues to try to use § 406(b) to obtain fees for time spent in administrative proceedings."); Heise v. Colvin, No. 14-cv-739-jdp, 2016 WL 7266741, at *2 (W.D. Wis. Dec. 15, 2016) (Peterson, J.) ("[U]nder § 406 each tribunal may award fees only for the work done before it[,] . . . [s]o I will limit my reasonableness evaluation to Duncan's work before this court, and he can pursue the rest of his contingency fee from the Commissioner.") (citations and internal quotations omitted); Stemper v. Astrue, No. 04-cv-838-jcs, 2008 WL 2810589, at *1 (W.D. Wis. July 14, 2008) (Crabb, J.) ("§ 406(b) governs fees for representation in court and not in the administrative proceedings."). Accordingly, I am disregarding Duncan's records and arguments relating to time spent at the administrative level.

Duncan's records show that he spent 16.60 hours on matters related to court proceedings, including the preparation of a motion for summary judgment, and his paralegal spent another 17.15 hours on those matters. Dkt. #21-4. Although it appears to be an open question in this circuit whether paralegal time may be considered in assessing the reasonableness of a fee request under § 406(b), I see no reason to exclude it. Richlin

3

Secretary Service Co. v. Chertoff, 553 U.S. 571, 581 (2008) (reasonable attorney fees under Equal Access to Justice Act includes paralegal time); Missouri v. Jenkins, 491 U.S. 274, 285 (1989) (reasonable attorney fees under 42 U.S.C. § 1988 include paralegal time). Awarding Duncan $18,211.25 for this combined time would be the equivalent of a rate of approximately $850 an hour for Duncan and $250 an hour for his paralegal. This fee is on the high end of rates that courts have awarded, Koester v. Astrue, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007), so it warrants careful review for reasonableness.

Duncan makes almost no effort to show that something about this case warrants compensation at a high equivalent hourly rate. He argues that his contingency fee is actually equivalent to a much lower hourly compensation, either $364.42 or $254.17, but his calculations include the time he spent at the administrative level and are not helpful. A review of Duncan's work in this case shows that the work was routine and does not warrant the high contingency premium Duncan seeks. Because the representative fee is unreasonable, I will reduce it to an appropriate rate.

In setting a reasonable fee, I consider Duncan's experience, the risk he incurred in taking a case on a contingency basis and the efficient resolution he achieved after filing a motion for summary judgment. On the other hand, I consider Duncan's actions in ignoring repeatedly the court's instructions and wasting the court's resources by attempting to justify representative fee awards under § 406(b) on the basis of work in tribunals other than this court. I conclude that a reduced fee equivalent to $500 and hour for Duncan's 16.60 hours of work ($8,300), and $200 an hour for the 17.15 hours of paralegal work ($3,430), is

4

reasonable. Accordingly, I will award Duncan a total fee of $11,730. This means Duncan may receive $7,330 from the award withheld by the Commissioner and may retain the previous award of $4,400 in fees under the Equal Access to Justice Act.

ORDER

IT IS ORDERED that Dana Duncan's motion for attorney fees, dkt. #21, is GRANTED IN PART AND DENIED IN PART. Duncan is awarded $7,330 in fees under 42 U.S.C.§ 406(b) to be paid out of plaintiff Richard McNaught's past due benefits. The remaining portion of the statutory fee ($10,881.25) shall be released to plaintiff.

Entered this 12th day of October, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge